**UNITED STATES**

v.

**Loren D. KAZENA, 504 74 4196, Private (E–1), U. S. Marine Corps.**

NCM 79 1084.

U. S. Navy Court of Military Review.

Sentence Adjudged 7 Feb. 1979.

Decided 19 Feb. 1980.

LT P. B. Haskel, JAGC, USN, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and FERRELL and EDWARDS, JJ.

EDWARDS, Judge:

Appellant was convicted at a special court-martial, pursuant to his pleas, of four specifications of unauthorized absence charged under three separate charges. The convening authority approved only so much of the sentence as provided for forfeitures of $150.00 pay per month for 2 months, confinement at hard labor for 30 days, and a bad-conduct discharge. The supervisory authority affirmed the sentence as approved by the convening authority and forwarded the case for review.

Appellant assigns the following errors:

I.  THE CONVENING AUTHORITY FAILED TO SUSPEND THE BAD CONDUCT DISCHARGE PURSUANT TO A BINDING PRETRIAL AGREEMENT.

## II. AN UNSUSPENDED BAD CONDUCT DISCHARGE WAS INAPPROPRIATELY SEVERE IN THIS CASE.

We find the assigned errors without merit.

■■■ Appellant was originally referred to trial on 27 October 1978 for two specifications of unauthorized absence. Subsequent to referral, appellant entered into another period of unauthorized absence. Before trial, appellant made an offer of pretrial agreement concerning the first three periods of unauthorized absence which the convening authority accepted. This pretrial agreement provided for the suspension of a bad-conduct discharge if awarded. Appellant was discovered to be in an unauthorized absence status and trial on the three specifications was not commenced.

The case finally came on for trial on 5 February 1979 at which time appellant was arraigned on the original two specifications and the subsequent specification which had been previously referred to trial along with the newly referred specification for the last period of unauthorized absence. Appellant pleaded guilty and the military judge conducted an inquiry into the providency of the plea. Prior to entering findings, the military judge inquired as to whether there was a pretrial agreement. Defense counsel announced that there was such an agreement which appears as Appellate Exhibit I. The military judge immediately noted that the Memorandum of Pretrial agreement only covered the first three periods of unauthorized absence and was apparently executed during the period of the last unauthorized absence.

Defense counsel, while conceding that there was no agreement as to the last charge, asserted his position that the "document controls." To resolve the issue the military judge recessed the court in order for the trial counsel to determine if the convening authority felt bound by the agreement. The convening authority sent the word through the trial counsel that he had disapproved the pretrial agreement and that he had sent such word to the law center. From the record it appears that neither trial nor defense counsel received that word.

The military judge, consistent with the mandates of *United States v. Green*, 1 M.J. 453 (C.M.A.1977), was attempting to inquire into the terms and conditions of any existing pretrial agreement. Basic to this inquiry is the issue of whether or not there was an agreement. While we do not doubt that at one time there had been a meeting of the minds between the parties, that meeting of the minds concerned the contemplated trial of the three specifications of unauthorized absence occurring prior to the unauthorized absence commencing 17 January 1979. When the convening authority referred the more recent period of unauthorized absence to trial with the previous charges, there had been a significant change in conditions, a change so significant that, as defense counsel explained to the military judge, "Your honor, there's simply no . . . there was no agreement as to what was to be done regarding that particular charge between the convening authority and the accused."

We do not reach the situations, urged on us by appellant, in *United States v. Cox*, 22 U.S.C.M.A. 69, 46 C.M.R. 69 (1972), *United States v. Lanzer*, 3 M.J. 60 (C.M.A.1977), and *United States v. Jacques*, 5 M.J. 598 (N.C.M.R.1978). In each of these cases the pretrial agreement covered all charges under which the accused was arraigned. Such is not the case here.

To be a pretrial agreement, that agreement must encompass the complete understanding of the parties. It would be a mockery of the law if that understanding did not encompass all the charges brought to trial at one time. In the instant case, the pretrial agreement does not speak to all the charges to which appellant was arraigned. The trial judge recognized the common-sense problem of fundamental fairness involved and consistent with the mandates of *United States v. Green, supra*, made an inquiry as to whether there was in fact a pretrial agreement. His words and the actions set in motion by his words substanti-

ate his belief that there was no pretrial agreement.

We hold that there is no pretrial agreement if that agreement does not encompass all the charges and specifications under which an accused is arraigned.

## II.

 As to the second assignment of error, considering the offenses of which appellant was found guilty and his service record as disclosed at trial, we do not find the sentence inappropriate. The findings and sentence as approved on review below are affirmed.

Chief Judge CEDARBURG and Judge FERRELL concur.